UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

TAYLOR RAE HINE, on her own behalf and on
behalf of others similarly situated,

                        Plaintiff,

                v.

INSOMNIA COOKIES, et al.,

                        Defendants.

_____

<u>DECISION AND ORDER</u>

22-CV-6075L

## INTRODUCTION

Plaintiff Taylor Rae Hine filed this action on February 11, 2022 as a collective and class action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 and the New York Labor Law against Insomnia Cookies ("Insomnia"), Krispy Kreme Inc., and Seth Berkowitz. The complaint alleged that plaintiff worked as a delivery driver for Insomnia from October 2019 to August 2021, and that during that period Insomnia committed various violations of the FLSA and Labor Law with respect to her work hours and pay. Plaintiff alleged that other employees were subject to the same practices. Krispy Kreme and Berkowitz are named as the corporate owner and CEO of Insomnia, respectively.

The complaint sought certification of the case as a collective action under the FLSA and as a class action on the Labor Law claims, but the case never reached that stage, and no notice was ever issued to prospective class members. In June 2022, defendants moved, in separate motions, to dismiss the complaint and for summary judgment. (Dkt. #12, #13.)

While those motions were pending, on July 1, 2022, plaintiff's counsel filed a "Notice of Acceptance of Defendant Insomnia Cookies, LLC's Offer of Judgment" (Dkt. #15), stating that plaintiff "hereby accepts and provides notice that she has accepted [Insomnia's] Offer of Judgment ... dated June 17, 2022 ... ."  Attached to the notice was a copy of Insomnia's offer of judgment, and a proposed judgment, which apparently had been drafted by plaintiff's attorney.  On July 11, the Clerk entered judgment ("filed judgment"), which in all relevant respects is identical to the proposed judgment submitted by plaintiff.  (Dkt. #16.)

On July 13, defendants filed a motion to vacate the judgment.  The gist of the motion is that the judgment submitted by plaintiff and filed by the Clerk is materially different from the offer of judgment tendered by defendants to plaintiff.  In particular, defendants contend that the offer of judgment made clear that the intent was to settle *all* of plaintiff's claims (other than for attorney's fees, which are discussed below) against *all* of the defendants, but the filed judgment on its face only dismisses plaintiff's claims against Insomnia, not against the other two defendants.  With their motion, defendants have submitted a proposed amended judgment, which they contend accurately reflects the terms of their previous offer of judgment.

In addition, after the judgment was entered, plaintiff moved for an award of attorney's fees.  (Dkt. #19.)  Defendants have filed a response (Dkt. 26), in which they contend that the motion is inconsistent with the terms of the offer of judgment, and that the amount requested is excessive.

**DISCUSSION**

Rule 68(a) of the Federal Rules of Civil Procedure provides that:

[a]t least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

"Rule 68 allows no discretion on the part of the district court.  If the plaintiff accepts a Rule 68 offer, it is automatically entered by the clerk of court.  There is broad agreement on this aspect of the rule." *Kubiak v. County of Ravalli*, 32 F.4th 1182, 1187 (9th Cir. 2022) (internal quote omitted) (citing *Mei Xing Yu v. Hasaki Rest., Inc.*, 944 F.3d 395, 400 (2d Cir. 2019) ("Rule 68(a)'s command that the clerk must enter judgment is mandatory and absolute")) (additional internal quote and citations omitted).

In accordance with that rule, entry of judgment pursuant to Rule 68(a) is considered a purely ministerial, non-discretionary act. *See Gonzalez v. Chinatown Hotel Corp.*, 808 F.App'x 999, 1001-02 (11th Cir. 2020), *Mei Xing Yu*, 944 F.3d at 400 (citing *Mallory v. Eyrich*, 922 F.2d 1273, 1278-79 (6th Cir. 1991)).  For that reason, parties should not file or submit to the court proposed judgments based on an accepted Rule 68 offer.  Instead, they should simply file the offer, notice of acceptance, and proof of service; the court then enters judgment according to the terms of the offer. *See Harris v. City of New York*, No. 03 Civ. 8767, 2004 WL 1151728, at *1 (S.D.N.Y. May 24, 2004) ("according to the plain language of Rule 68, the actual offer is to be filed, together with notice of acceptance, and judgment may be entered by the clerk based only on those documents"); *see also Kinel v. Sherman Acquisition II LP*, No. 05 Civ. 3456, 2008 WL 11517157, at *1 (S.D.N.Y. Dec. 1, 2008) (adding that [t]he Rule's compulsory language has led

some courts to describe Rule 68 judgments as 'self-executing'") (quoting *Mallory*, 922 F.2d at 1279).

As stated, plaintiff in the case at bar filed not only the defendants' offer of judgment and plaintiff's notice of acceptance, but a proposed judgment as well.  Not only should plaintiff not have filed a proposed judgment, but the judgment that was drafted and submitted by plaintiff's counsel differed in some material respects from defendants' offer of judgment.

Specifically, the offer of judgment clearly envisioned the dismissal of all of plaintiff's claims (other than for attorney's fees) against all three defendants.  It states that Insomnia "offers, on behalf of itself and all other Defendants ... to allow judgment to be taken by Plaintiff ... against it in this matter" in the amount of $12,000, "in full and final settlement of all of your claims against the Defendants arising out, alleged in, or related to, the facts and transactions alleged in the above-captioned action."  (Dkt. #17-3 at 2.)  It further states, "Acceptance of the Offer shall effect a dismissal with prejudice of your individual claims as set forth in the Complaint in their entirety against all Defendants ... ."  *Id.* at 3.  In other words, judgment would be entered only against Insomnia, but in full satisfaction of plaintiff's claims against all the defendants, and her claims would be dismissed in their entiretty.

The filed judgment, as drafted by plaintiff's counsel and entered by the Clerk, materially differs from that offer.  It states, "The Court now renders its Order, that the Clerk shall enter a judgment, <u>DISMISSING WITH PREJUDICE</u> Plaintiff's claims for relief, damages, and expenses ONLY against Defendant Insomnia Cookies, LLC ... ."  It repeats that "the Clerk shall enter a judgment, <u>ONLY</u> against Defendant Insomnia Cookies, LLC, <u>DISMISSING WITH PREJUDICE</u> Plaintiff's claims for relief, damages, and expenses <u>ONLY</u> against Defendant Insomnia Cookies,

LLC ... ."  (Dkt. #16 at 2.)  As stated, however, the offer of judgment expressly provided that

plaintiff's acceptance of the offer would effect a dismissal of her claims against all the

defendants, not just Insomnia.

In any event, as explained above, it was unnecessary for plaintiff to have filed a proposed

judgment in the first place.  The offer of judgment, once accepted and filed with the notice of

acceptance, itself determines the terms of the judgment.  *See Ramming v. Nat. Gas Pipeline Co.

of Am.*, 390 F.3d 366, 371 (5th Cir. 2004) (district court has no discretion to change the terms of

an accepted offer of judgment).

Accordingly, the Court will enter a separate judgment, setting forth the relevant terms of

Insomnia's offer of judgment.  Since that offer contains some language that is not necessary or

germane to the judgment (*e.g.*, dealing with the expiration of the offer if it is not timely

accepted), the judgment will not repeat verbatim the entire text of the offer, but in the event of

any future disputes between the parties concerning the judgment, the terms of the offer will

control, subject to ordinary principles of contract construction.  *See Steiner v. Lewmar, Inc.*, 816

F.3d 26, 31 (2d Cir. 2018) ("Rule 68 offers of judgment and acceptances thereof are contracts to

be interpreted according to ordinary contract principles"); *Kinel*, 2008 WL 11517157, at *1

(stating that "the terms of [the judgment] are set by the Parties' Rule 68 agreement.  Whatever

dispute the Parties have about the meaning of those terms ... shall be addressed if and when

Plaintiff seeks to execute the judgment").

The offer of judgment also provides that in addition to the $12,000 judgment against

Insomnia, "Defendants shall ... separately pay reasonable attorneys' fees and costs, the amount of

which shall be determined by the Court unless the parties otherwise agree on a fee award ... ."

(Dkt. #17-3 at 2.)  Although both the filed judgment and defendants' proposed amended judgment set forth deadlines for plaintiff to file a motion for fees and for defendants to respond, such language (which is not contained in the offer of judgment) is unnecessary, since plaintiff has already filed a motion for attorney's fees, to which defendants have responded.

Inasmuch as there has been further litigation in this case subsequent to the filing of the fee motion, however, the Court will allow plaintiff to supplement her fee motion, and allow defendants to respond, as set forth in the Conclusion to this Decision and Order.  Once the parties' submissions have been filed, the Court will issue a separate Decision and Order on the attorney's fee motion.

## CONCLUSION

Defendants' motion to vacate judgment and enter an amended judgment (Dkt. #17) is granted.  The judgment entered on July 11, 2022 (Dkt. #16) is hereby vacated.  The Court will enter an amended judgment in conformity with this Decision and Order.

Plaintiff shall have twenty (20) days to file a supplement, not to exceed ten (10) pages total, to her motion for attorney's fees and costs (Dkt. #21).  Defendants shall have twenty (20) days to file a response, also not exceeding ten (10) pages.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       October 4, 2022.