UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TAYLOR RAE HINE, on her own behalf and on
behalf of others similarly situated,

                                    DECISION AND ORDER

                      Plaintiff,

                                    22-CV-6075L

              v.

INSOMNIA COOKIES, et al.,

                    Defendants.
_____

On October 4, 2022, the Court issued a Decision and Order in this case (Dkt. #31) granting defendants' motion to vacate the judgment entered on July 11, 2022. Pursuant to that Decision and Order, the Court entered an amended judgment (Dkt. #32). The Court also gave plaintiff the opportunity to file a supplement to her motion for attorney's fees and costs (Dkt. #21). Plaintiff has done so, and defendants have filed their response.

## BACKGROUND

The relevant facts are set forth in the Court's October 4 decision, familiarity with which is assumed, and will not be repeated at length here. This action was brought for damages and other relief stemming from defendants' alleged violations of federal and state labor laws relating to employee work hours and pay.

After defendants filed dispositive motions, plaintiff's counsel informed the Court that plaintiff had accepted defendants' offer of judgment. Plaintiff also submitted a proposed

judgment, which was filed by the Clerk of the Court. Plaintiff also moved for attorney's fees, pursuant to the terms of the judgment.

Defendants then filed a motion to vacate the judgment, on the ground that the judgment submitted by plaintiff and filed by the Clerk was materially different from the offer of judgment tendered by defendants to plaintiff. The Court granted that motion, and entered an amended judgment conforming to the terms of defendants' offer of judgment.

Consistent with the offer of judgment, the amended judgment provided that "defendants shall separately pay reasonable attorney's fees and costs, the amount of which shall be determined by the Court unless the parties otherwise agree on a fee award, to be submitted to the Court for its review and approval." (Dkt. #32 at 1). The parties have not agreed on a fee award, and plaintiff now seeks an award of $21,167 in attorney's fees and $536.80 in costs, for a total of $21,703.80. Defendants do not dispute that plaintiff is entitled to some award, but contend that the amount should be far less than what is requested.[1]

Plaintiff seeks an award for 42.19 hours of work on this case, at hourly rates ranging from $200 for an associate and a managing clerk to $650 for John Troy, Esq., the principal of Troy Law, PLLC and the managing attorney on this case.

Having reviewed the time records submitted by plaintiff's counsel, and the supporting declaration of John Troy, I agree with defendants that the fee request is excessive, both as to the time expended and the rates claimed. It must be substantially reduced.

---

[1] In their initial response to the motion for attorney's fees, defendants state that the award should be reduced to $4000. (Dkt. #26 at 18.) In their more recent response to plaintiff's supplemental filing, defendants state only that the Court should "apply a substantial across-the-board reduction ..." to the amount sought. (Dkt. #34 at 10.)

While 42 hours is not *per se* an excessive amount of time for a case of this nature, it should be remembered that this case was of short duration. The complaint was filed on February 11, 2022, and plaintiff's notice of acceptance of defendants' offer of judgment was filed less than five months later, on July 1, 2022. The case never reached the certification stage, and though defendants did file motions to dismiss and for partial summary judgment, plaintiff never filed a response, and the notice of acceptance was filed just over two weeks later.[2] That the case dragged on for another five months before the Court entered an amended judgment was primarily due to plaintiff's having filed a proposed judgment that did not accurately reflect the terms of defendants' offer, and to the apparent refusal of plaintiff's counsel to agree to correct the problem, which led to further litigation.

In addition, "[i]n assessing whether an attorney's time was reasonably expended, the Court must ask whether the attorney exercised billing judgment." *Costa v. Sears Home Improvement Products, Inc.*, 212 F.Supp.3d 412, 425 (W.D.N.Y. 2016) (quoting *Anderson v. Rochester-Genesee Reg'l Transp. Auth.*, 388 F.Supp.2d 159, 163 (W.D.N.Y. 2005)). Here, counsel's billing records show that Troy, the highest-paid attorney at an hourly rate of $650, billed just under 26 hours–about 61.5% of the total hours claimed–on the case. Aaron Schweitzer, who is listed as the managing associate with a rate of $400 per hour, worked 13.86 hours, or about one-third of the total. The lowest-paid attorney, Tiffany Troy, whose rate is $200, worked about 20 minutes on the case.[3]

---

[2] There is no indication from counsel's billing records that any time was spent preparing a response to defendants' motions.

[3] Another individual, Preethi Kilaru, is stated to have worked one and one-third hours, also at $200 per hour. Kilaru is stated to have received an LLM from SMU Dedman School of Law in 2018, and to have graduated

Plaintiff's counsel states that Troy Law is a small firm, which makes it more difficult to delegate work to junior attorneys, compared to a large firm with many associates. Even allowing for that, the Court does not consider it consistent with good billing judgment for the highest-paid attorney in the firm (in fact, the firm's principal) to have done over 60 percent of the work on this case (which never involved more than a single plaintiff and never got to any advanced stage of litigation), while a more junior but still highly paid lawyer worked one-third of the total hours, while the lowest-paid associate worked a negligible amount of the total.

I also agree with defendants that plaintiff is not entitled to any award of fees for time spent in connection with plaintiff's filing of the proposed judgment and the ensuing litigation following plaintiff's acceptance of defendants' offer of judgment. As this Court noted in its prior decision in this case, "[n]ot only should plaintiff not have filed a proposed judgment" at all, "but the judgment that was drafted and submitted by plaintiff's counsel differed in some material respects from defendants' offer of judgment." 2022 WL 4922184, at *2. The litigation that followed was both unnecessary and completely avoidable. Counsel should not be compensated for work that was occasioned by counsel's own missteps.[4]

As stated, I also find the claimed hourly rates excessive. "The reasonable hourly rate is, generally, the hourly rate employed by attorneys in the district in which the litigation is brought."

---

from a law school in India prior to that, but is described in plaintiff's submission as "managing clerk." (Dkt. #20 at 26.)

[4] Even if the Court were inclined to award fees for some of that time, the hours claimed are excessive. The billing records show that John Troy spent 1.25 hours "draft[ing] notice of acceptance of offer of judgment and proposed judgment," and another two hours "revis[ing], and finaliz[ing the] proposed judgment." (Dkt. #20-1 at 2.) Not only was it unnecessary to draft any judgment, as explained above, the time it took to do so was excessive; when the Court decided that it was necessary to vacate the prior judgment and enter an amended judgment, it took under an hour to draft the amended judgment.

*Snead v. Interim HealthCare of Rochester, Inc.*, 286 F.Supp.3d 546, 557 (W.D.N.Y. 2018) (internal quote omitted).  The rates here are well above typical hourly rates in the Western District for attorneys of comparable experience, in this type of litigation.  *See*, *e.g.*, *Cardenas v. A.J. Piedimonte Agr. Dev., LLC*, No. 18-cv-881, 2020 WL 3469681, at *5 (W.D.N.Y. June 25, 2020) (approving hourly rates ranging from $85-$100 per hour for paralegals, to $200 per hour for an attorney with seven years of experience, to $300 per hour for the an attorney with more than 15 years of relevant legal experience); *Taylor v. Delta-Sonic Car Wash Systems, Inc.*, No. 14-CV-6698, 2017 WL 436045, at *7 (W.D.N.Y. Jan. 31, 2017) (finding hourly rates of $225-$250 for partner time and $75 for paralegal time to be appropriate in FLSA case).

It also bears mentioning that this law firm, Troy Law, appears to have a history of submitting unreasonably high fee requests, both as to rates and hours.  As one district court recently put it, "[a] treatise worth of case law has emerged about the rates and hours that Troy Law has requested.  And courts have balked at the sort of rates requested in this case." *Garcia v. Francis Gen. Constr. Inc.*, No. 20-CV-4323, 2022 WL 2698434, at *7 (S.D.N.Y. July 12, 2022) (citing cases).  Stating that "[t]he Court agrees with the many other courts in this District to have reduced Troy Law's requested rates," the court in *Garcia* reduced John Troy's rate from the $600 requested to $300, Schweitzer's from $400 to $150, and the rates of other associates and employees in a similar fashion.  (Notably, *Garcia* is from the Southern District, where prevailing rates are generally higher than those here in the Western District.)  The court further reduced the hours claimed by one-third across the board, finding that the billed hours were excessive.  The reduction of both the rates and the hours also reflected the fact that Troy Law repeatedly submitted papers that were "error-ridden."  *Id.* at *8.  *See also Chen v. Marvel Food Services*

*LLC*, No. 15-CV-6206, 2022 WL 4226098, at *5 (E.D.N.Y. Sept. 9, 2022) (reducing Troy Law's hours by 30% to account for "poor billing practices" and "myriad deficiencies").

With all these considerations in mind, the Court will award fees at the following hourly rates: $300 for John Troy; $200 for Aaron Schweitzer; $150 for Tiffany Troy; and $100 for Preethi Kilaru.[5] The Court will further subtract nine hours from the hours claimed, to reflect time spent in connection with counsel's filing of a proposed judgment and to respond to defendants' motion to vacate the judgment. The Court will further reduce the hours claimed by 30% across the board, to account for poor billing judgment and unnecessary, excessive or duplicative work. *See E.E.O.C. v. Green Lantern Inn, Inc.*, No. 19-CV-6704, 2022 WL 1467820, at *8 (W.D.N.Y. May 10, 2022) ("Courts need not 'conduct a "line-by-line analysis" of an attorney's fee application because it is not realistic or practical to expect a trial judge to evaluate and rule on every entry'") (quoting *Figueroa v. KK Sup II, LLC*, No. 15-CV-6526, 2019 WL 1109864, at *11 (W.D.N.Y. Mar. 11, 2019)) (additional internal quote omitted). That results in a total fee award of $6092.80.[6]

---

[5] Plaintiff's supplement to the fee motion also includes an entry of 0.4 hour at a rate of $350 for Oscar Alvarado, dated August 16, 2022, described as "review of file w/ GD." (Dkt. #33-1 at 3.) There is no indication of what that vague entry means, what it relates to, who Alvarado is, or why he should be compensated at that rate. The Court disallows that entry in its entirety.

[6] Defendants do not appear to object to the claimed costs of $536.80, and plaintiff will be awarded that amount in full.

**CONCLUSION**

Plaintiff's motion for attorney's fees (Dkt. #19) is granted, and plaintiff is hereby awarded the sum of $6092.80 in attorney's fees, and $536.80 in costs.  Judgment should be entered accordingly.  That amount shall be paid by defendants within thirty (30) days of the date of entry of this Decision and Order.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
November 28, 2022.